IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00375-BNB

SHANE J. RULLI,

    Plaintiff,

v.

TRANSPORT OFFICER JOHN DOE ROBINSON,
LA PLATA COUNTY SHERIFF'S OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Shane J. Rulli, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Cheyenne Mountain Re-entry Center in Colorado Springs, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on February 20, 2010. Mr. Rulli filed an Amended Prisoner Complaint on April 2, 2010. He has been granted leave to proceed *in forma pauperis*.

In the Amended Complaint, Mr. Rulli purports to bring three claims asserting violations of his Eighth Amendment right. However, because the claims concern the same event, and assert nearly identical facts, the Court will construe these claims as one claim that asserts a violation of Mr. Rulli's Eighth Amendment right to be free from cruel and unusual punishment. In the claim, Mr. Rulli asserts that on November 1, 2009, he was placed in the back of a La Plata County Sheriff's Office "paddy wagon"

driven by Defendant Transport Officer John Doe Robinson. Mr. Rulli asserts that Defendant Robinson failed to secure him in safety restraints in the vehicle. He alleges that, at some point during the trip, Defendant Robinson slammed on the brakes to avoid deer in the road, causing Mr. Rulli to be thrown into the back of the vehicle with great force. Mr. Rulli further asserts that, after the incident, he was taken to the hospital via ambulance and that he now suffers chronic neck and back pain due to injuries sustained in the accident.

With respect to Defendant La Plata County Sheriff's Office, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Mr. Rulli does not allege a direct causal link between a policy of the La Plata County Sheriff's Office and his injury. Therefore, Defendant La Plata County Sheriff's Office will be dismissed as an inappropriate party to the action.

The Court will not address at this time the merits of Mr. Rulli's Eighth Amendment claim against Defendant Transport Officer John Doe Robinson. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant La Plata County Sheriff's Office is dismissed from the action for the reasons stated above. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant La Plata County Sheriff's Office from the docketing record as a party to this action. It is

FURTHER ORDERED that the claim asserted against remaining Defendant Transport Officer John Doe Robinson shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 8th day of April, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00375-BNB

Shane J. Rulli
Prisoner No. 140270
CMRC
2925 E. Las Vegas St.
Colorado Springs, CO 80906

Shane J. Rulli
6530 Burrows Rd.
Black Forest, CO 80908

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/9/10

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk