IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00375-WYD-MJW

SHANE J.  RULLI,

Plaintiff,

v.

TRANSPORT OFFICER JOHN DOE ROBINSON,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Docket No. 18)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to

Magistrate Judge issued by Chief Judge Wiley Y. Daniel on April 19, 2010.  (Docket No.

16).

The pro se plaintiff, Shane J. Rulli, was incarcerated when this action was

commenced and has since been released.  His Amended Prisoner Complaint (Docket

No. 11), brought pursuant to 42 U.S.C. § 1983, has been construed by the court as

raising one claim that asserts a violation of his Eighth Amendment right to be free from

cruel and unusual punishment.  (See Docket No. 13).  Only one defendant remains,

Transportation Officer John Doe (Robinson).[1]  Plaintiff asserts the following in his

---

[1]Pursuant to an Order to Dismiss in Part and to Draw Case to a District Judge
and to a Magistrate Judge (Docket No. 13), defendant La Plata County Sheriff's Office
was dismissed from the action.

pleading.  On November 1, 2009, he was in the custody of the La Plata County Sheriff's office on the way to the county jail.  He was handcuffed in front of his body with a bellychain attached to the handcuffs.  He was in the back of a "paddywagon" not safely secured to the vehicle.  Defendant Robinson was driving when he suddenly slammed on the brakes to avoid some deer, and plaintiff was thrown head first into the back of the cab of the paddy wagon, fell to the vehicle's floor, and cried out in pain.  Dispatch was radioed to send an ambulance to the scene.  Plaintiff was then taken to Mercy Hospital in Durango.  That same morning, he was taken from the emergency room to the jail and placed in segregation for one week.  He now has chronic neck and back pain.  Plaintiff seeks payment of all of his past and future medical bills, any attorney fees, and $750,000.

Now before the court for a report and recommendation is defendant Robinson's motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: (1) plaintiff failed to state a claim upon which relief can be granted because (a) he failed to exhaust administrative remedies; (b) defendant is not liable in his official capacity; and (c) defendant is not liable in his individual capacity because he is entitled to qualified immunity because plaintiff's allegations do not establish that the defendant engaged in an activity that would violate constitutional or statutory law and that a reasonable official in defendant's situation could have believed such conduct was objectively reasonable and comported with Eighth Amendment rights; and (2) plaintiff's state law claim should be dismissed for lack of subject matter jurisdiction or the court should decline supplemental jurisdiction over the state law claim. Previously, however, Judge Brimmer for Judge Weinshienk did not construe the

3

Amended Complaint as containing a state law tort claim.  Therefore, this court will not address defendant's arguments concerning a state law claim.

Plaintiff did not file a response to the motion to dismiss.

The court has considered the subject motion and applicable case law and Federal Rules of Civil Procedure.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed makes the following findings, conclusions, and recommendation that the motion to dismiss be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., 550 U.S. at 545 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to

plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical

possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleading has been construed

liberally and held to a less stringent standard than formal documents drafted by lawyers.

See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404

U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to

state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's

failure to cite proper authority, his confusion of various legal theories, his poor syntax

and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the

same time, . . . it is [not] the proper function of the district court to assume the role of

advocate for the pro se litigant."  Id.

**Exhaustion**

Defendant first asserts that the plaintiff, who was incarcerated at the time he

commenced this action and when he filed his Amended Complaint, acknowledged in his

Amended Complaint that there was a formal grievance procedure where he was

confined and alleged that he exhausted his administrative remedies (Am. Compl. at 7,

para. F), but he did not attach a copy of the administrative disposition or describe with

specificity the administrative proceeding and its outcome.  Therefore, defendant

contends it is appropriate to dismiss plaintiff's claim for failure to exhaust administrative

remedies.  The case law defendant cites in support of this argument, <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204 (10th Cir. 2003), however, is no longer good law on this point.  In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the United States Supreme Court held that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  <u>Id.</u> at 216.  Therefore, plaintiff's Amended Complaint should not be dismissed on the basis of failure to exhaust merely because the plaintiff did not attach a copy of the administrative disposition to his pleading or describe the administrative proceeding and its outcome.

**Qualified Immunity**

Defendant also asserts that he is entitled to qualified immunity because the plaintiff has not shown the violation of a constitutional right.  Public officials are entitled to qualified immunity from liability for damages under 42 U.S.C. §1983 if their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.  <u>Tonkovich v. Kansas Bd. of Regents</u>, 159 F.3d 504, 515 (10th Cir.1998).  The test for an Eighth Amendment violation has both an objective and a subjective requirement.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  The objective requirement is met when an inmate alleges a deprivation that is "sufficiently serious."  <u>Id.</u> (quotation omitted).  For a claim based on failure to insure safety, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," <u>id.</u> at 834, otherwise described as an "excessive risk to inmate health or safety," <u>id.</u> at 837, one "sure or very likely to cause serious illness and needless suffering."  <u>Helling v. McKinney</u>, 509 U.S. 25, 33 (1993).  As to the subjective

requirement, "deliberate indifference describes a state of mind more blameworthy than negligence," Farmer, 511 U.S. at 835, but "something less than acts or omissions for the very purpose of causing  harm or with knowledge that harm will result." Id.  The test is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  In short, liability requires "consciousness of a risk." Id. at 840.

Here, this court finds that plaintiff has not stated a valid Eighth Amendment claim against the defendant.  Plaintiff has simply alleged that the defendant did not secure the plaintiff into the vehicle and then stopped suddenly to avoid deer in the road.  Merely failing to strap a prisoner in a seatbelt during transport is not sufficient to allege an Eighth Amendment violation.  See Dexter v. Ford Motor Co., 92 Fed. App'x 637 (10th Cir. 2004); Kemp v. Zavaras, 2010 WL 1268094, at *2 (D. Colo. Mar. 29, 2010).  In addition, the plaintiff's mere allegation that the defendant stopped suddenly to avoid deer in the road does not state a claim that the plaintiff was exposed to an excessive risk that was sure or likely to cause needless suffering.  See Farmer, 511 U.S. at 837; Hill v. Shobe, 93 F.3d 418, 421 (7th Cir. 1996) ("[a]llegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness.") (citing Apodaca v. Rio Arriba Cty. Sheriff's Dep't, 905 F.2d 1445, 1446-47 (10th Cir. 1990).  Furthermore, plaintiff does not meet the subjective component of an Eighth Amendment claim.  There is no allegation that the defendant had actual knowledge of impending harm that he consciously refused to prevent.  See Kemp v. Zavaras, 2010 WL 1268094, at *3.  At best, plaintiff has stated a claim of negligence rather than an

7

Eighth Amendment claim of deliberate indifference.  Therefore, the plaintiff here has not

made anything more than a conceivable Eighth Amendment violation, as opposed to a

plausible one.  It is thus recommended that the plaintiff's Eighth Amendment claim be

dismissed for failure to state a claim upon which relief can be granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendant's Motion to Dismiss **(Docket No. 18)** be

**granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  February 14, 2011                    s/ Michael J. Watanabe
         Denver, Colorado                    Michael J. Watanabe
                                             United States Magistrate Judge